# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
CHINA CUMMINGS, *on behalf of her minor child, K.C.*,

           Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

No. 24-45V

Special Master Christian J. Moran

Filed: August 13, 2025

Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for Petitioner;
Alexa Roggenkamp, United States Department of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING DAMAGES**[1]

On January 12, 2024, petitioner China Cummings filed a petition on behalf of her minor child K.C. for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 et seq. ("Vaccine Act" or "Act"). Petitioner alleged that an influenza ("flu") vaccine administered to K.C. on October 8, 2022, caused cellulitis. Pet. at 1, 6. On March 3, 2025, the undersigned ruled that petitioner is entitled to compensation under the Vaccine Act.

On August 7, 2025, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the undersigned finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**Respondent proffers petitioner should be awarded $15,000.00 for K.C.'s pain and suffering. See 42 U.S.C. § 300aa-15(a)(4).**

**Respondent proffers that petitioner should be awarded funds to satisfy the State of Louisiana Medicaid lien in the amount of $4,918.74, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Louisiana may have against any individual as a result of any Medicaid payments the State of Louisiana has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 8, 2022 under Title XIX of the Social Security Act.**

**These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).**

**A lump sum payment of $15,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of K.C., for the benefit of K.C. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of K.C.'s estate under the laws of the State of Louisiana. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of K.C.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of K.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.C. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the State of Louisiana after K.C. has attained the age of majority, any such payment shall be made to K.C. upon submission of written documentation of the termination of guardianship to the Secretary.**

**A lump sum payment of $4,918.74, representing compensation for satisfaction of the State of Louisiana Medicaid lien re case # 842260, in the form of a check payable jointly to petitioner and:**

> **Discovery Health Partners/Claritev**
> **(Tax ID No. 26-3000153)**
> **535 East Diehl Dr. Ste. 100**
> **Naperville, IL 60563**

**Petitioner agrees to endorse the check to Discovery Health Partners/Claritev for satisfaction of the Medicaid lien.**

2

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 24-45V according to this decision and the attached proffer.[2]

Any questions regarding this order may be directed to my law clerk, Josh Baker, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

3

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHINA CUMMINGS, on behalf of her minor child, K.C., | |
| Petitioner, | No. 24-45V<br>Special Master Moran<br>ECF |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 12, 2024, China Cummings ("petitioner"), filed a petition for compensation on behalf of her daughter, K.C., under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that K.C. suffered an adverse reaction as a result of an influenza ("flu") vaccine administered on October 8, 2022.  Petition at 1, 10.  On February 26, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act and on March 3, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 36; ECF No. 37.

## I.  Items of Compensation

### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $15,000.00 for K.C.'s pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of

Louisiana Medicaid lien in the amount of $4,918.74, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Louisiana may have against any individual as a result of any Medicaid payments the State of Louisiana has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 8, 2022 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to K.C. should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.   A lump sum payment of **$15,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of K.C., for the benefit of K.C.  Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of K.C.'s estate under the laws of the State of Louisiana.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of K.C.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of K.C., any such

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.C. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the State of Louisiana after K.C. has attained the age of majority, any such payment shall be paid to K.C. upon submission of written documentation of the termination of guardianship to the Secretary.

B.   A lump sum payment of **$4,918.74**, representing compensation for satisfaction of the State of Louisiana Medicaid lien re case # 842260, in the form of a check payable jointly to petitioner and:

> Discovery Health Partners/Claritev
> (Tax ID No. 26-3000153)
> 535 East Diehl Dr. Ste. 100
> Naperville, IL 60563

Petitioner agrees to endorse the check to Discovery Health Partners/Claritev for satisfaction of the Medicaid lien.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

3

<u>/s/ Alexa Roggenkamp</u>
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED:  August 12, 2025